1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAYCE CASTELL, | Case No.: 09-cv-01593-LHK |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, et al., | |
| Defendants. | |

Plaintiff Jayce Castell ("Plaintiff") seeks contempt sanctions against Defendants Metropolitan Life Insurance Company ("MetLife") and Ambrose Employer Group, LLC Long-Term Disability Plan ("the Plan") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 70(e), asserting that Defendants failed to comply with this Court's judgment filed October 29, 2010[1] and amended judgment filed October 20, 2011.  The Court held a hearing on March 15, 2012.  Having considered the parties' submissions and argument and the relevant law, the Court hereby GRANTS IN PART Plaintiff's motion for contempt sanctions.

---

[1] The judgment was signed on October 25, 2010.

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. BACKGROUND

Plaintiff began working for IPVALUE Management, Inc. in May 2004.  Findings of Fact and Conclusions of Law ("FFCL") ¶ 1.[2]  Ambrose Employer Group, LLC was his co-employer for the limited purpose of providing employment benefits, including long-term disability ("LTD") benefits.  *Id*.  LTD benefits are provided by the Plan, which is both funded and administered by MetLife.  *Id*.  Plaintiff is an insured under the Plan.  *Id*.

Plaintiff worked as a "Technical Staff Member," a sedentary-to-light position that requires sitting at a workstation doing computer work and reading.  FFCL ¶¶ 1, 3.  On April 6, 2005, Plaintiff fell backward onto his buttocks and back.  FFCL ¶ 4.  Thereafter, he complained of back pain, intermittent leg numbness and pain, pain and/or numbness in other areas, headaches, blurred vision, and dizziness.  *Id*.  Plaintiff continued working, but only for partial days and weeks.  FFCL ¶ 5.  In September 2005, he stopped working completely, asserting that his back pain had become intolerable.  *Id*.  On August 16, 2006, he filed a claim for LTD benefits under the Plan, claiming disability as of April 2005 as a result of his fall.  FFCL ¶ 6.

MetLife issued a denial letter on November 2, 2006, stating that Plaintiff had failed to provide sufficient information to prove entitlement to benefits under "the United Airlines plan," and that MetLife had been unable to reach Plaintiff in October 2006 because his telephone had been disconnected.  FFCL ¶ 9.  Plaintiff wrote back, informing MetLife that he did not work for United Airlines and that his telephone had not been disconnected and in fact had been prepaid through the year.  FFCL ¶ 10.  Plaintiff provided his telephone number in that letter.  *Id*.  On November 27, 2006, MetLife sent Plaintiff a second denial letter stating that he had failed to prove entitlement to benefits under the Ambrose plan, again asserting that Plaintiff's telephone had been disconnected, and stating that MetLife had been unable to reach Plaintiff's "doctor."  FFCL ¶ 11.  Plaintiff submitted an Attending Physician's Statement dated February 22, 2007, indicating that Plaintiff could sit for only four hours or less a day.  FFCL ¶ 12.  MetLife responded with a third denial letter.  FFCL ¶ 13.  On April 19, 2007, Plaintiff sent MetLife a letter requesting

---

[2] The background facts are taken from this Court's Findings of Fact and Conclusions of Law issued September 30, 2010 and docketed at ECF No. 47.

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

reconsideration of his claim.  FFCL ¶ 15.  MetLife responded with a fourth denial letter indicating that administrative remedies had been exhausted and that no further appeals would be considered. FFCL ¶ 16.

On April 10, 2009, Plaintiff filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), alleging that Defendants improperly denied his claim for twenty-four months of LTD benefits under the Plan's "own occupation" provision.  ECF No. 1.  Under the Plan, a claimant is entitled to up to twenty-four months of benefits (following a three-month elimination period) if he is unable to earn more than eighty percent of his predisability income at his "own occupation."  FFCL ¶ 8.  After this period, the claimant is entitled to continuing benefits if he is unable to earn more than sixty percent of his predisability income at "any gainful occupation" for which he is reasonably qualified.  *Id.*  At the time that Plaintiff filed suit with respect to his claim under the "own occupation" provision, he was pursuing administrative remedies with respect to a separate claim for LTD benefits under the "any occupation" provision.  *Id.*

On September 30, 2010, following a bench trial, the Court issued Findings of Fact and Conclusions of Law determining that MetLife had abused its discretion in denying Plaintiff's claim, and that Plaintiff was entitled to twenty-four months of long-term disability benefits under the "own occupation" provision of the Plan.  FFCL ¶ 33.  The Court noted that it was "undisputed that Castell fell in the manner claimed, and that he suffered disc desiccation, broad-based disc bulge, and disc protrusion."  FFCL ¶ 28.  Moreover, "[f]ive different physicians that either treated or examined Castell opined that he had significant limitations on sitting and standing."  FFCL ¶ 29. None of these physicians expressed doubts with respect to Plaintiff's reports of pain, and there was no suggestion in the record that Plaintiff was malingering.  FFCL ¶ 31.  The Court pointed out that "[t]he only doctors who suggest that Castell does not suffer disabling pain are the two doctors hired by MetLife."  FFCL ¶ 32.  Neither of those doctors "ever met or examined Castell; thus neither had any opportunity to assess his credibility."  *Id.*  The Court concluded that "[i]f MetLife had credited some or all" of the opinions of the doctors that actually examined and treated Plaintiff, "it

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

necessarily would have concluded" that Plaintiff could not perform his own occupation.  FFCL ¶ 30.  The Court gave short shrift to MetLife's argument to the contrary:

> MetLife asserts that, even accepting the severe restrictions on sitting and standing suggested by Castell's doctors, "plaintiff fails to explain how these restrictions would keep him from performing his Own Occupation from any employer in his Local Economy."  Defs' Cross Mot. at 18.  The Court is at a loss to imagine how Castell *could* perform his own occupation, which undisputedly consisted primarily of sitting in front of a computer, if he could not *sit*.

FFCL ¶ 30.

On October 29, 2010, the Court entered judgment for Plaintiff and against Defendants with respect to Plaintiff's claim for benefits under the Plan's "own occupation" provision.  ECF No. 49.  The judgment also provided that "Plaintiff's claim for LTD benefits from July 5, 2007 onward under the *any occupation*  provision of the LTD Plan is remanded by the Court to the Defendants for administrative processing pursuant to the terms of the LTD Plan."  *Id*.  On September 22, 2011, the Court issued an order granting Plaintiff's motion for attorneys' fees and awarding prejudgment interest at the rate of ten percent per annum.[3]  ECF No. 69.  On the same date, the Court entered an amended judgment "in the total amount of $151,195.93, comprised of $41,212.43 (interest) + $56,509 (benefits) + $53,474.50 (attorney's fees)."  ECF No. 70.  On October 20, 2011, the Court issued a second amended judgment "in the total amount of $163,987.10, comprised of $151,195.93 (9.22.11 judgment amount) + $12,791.17 (additional 44 weeks of interest)."  ECF No. 73.  The second amended judgment ordered that "Defendants shall pay within 10 days of this Judgment the total amount of $163,987.10."  *Id*.

Plaintiff filed the present motion for contempt on November 15, 2011, asserting that (1) Defendants had not processed his claim for LTD benefits under the "any occupation" provision of the Plan as required under the judgment filed on October 29, 2010, and (2) Defendants had failed to pay the additional $12,791.17 in interest as required under the second amended judgment filed

---

[3] Ordinarily, an award of interest would be at the rate provided by 28 U.S.C. § 1961, which is significantly lower than ten percent.  *See Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163-64 (9th Cir. 2001).  The statutory rate applies "unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate."  *Id*. at 1164 (quoting *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994)).  The Court found that in this case the equities did require a different result, concluding that "an award of prejudgment interest at the rate of 10% per annum is warranted."  ECF No. 69.

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

on October 20, 2011.  Plaintiff's motion seeks an order holding Defendants in contempt for violating the Court's judgments and requiring Defendants to pay him:  back benefits under the "any occupation" provision from July 5, 2007 to December 5, 2011, plus ten percent interest on those benefits; ongoing benefits under the "any occupation" provision from December 6, 2011 forward; the $12,791.17 deficiency plus ten percent interest on that amount; and attorneys' fees and costs incurred as a result of Defendants' failure to comply with the Court's judgments.

Shortly after Plaintiff filed the motion, Defendants complied with the Court's judgments. On November 23, 2011, MetLife's counsel sent Plaintiff's counsel a check in the amount of $12,791.17.  On November 29, 2011, MetLife sent Plaintiff's counsel a letter approving Plaintiff's claim for LTD benefits under the "any occupation" provision of the Plan.  On the same date, Defendants filed an opposition to Plaintiff's motion for contempt sanctions, asserting that the $12,791.17 had been paid within a reasonable time and that MetLife had substantially complied with the Court's order to process Plaintiff's claim under the Plan's "any occupation" provision. Defendants request that the motion be denied, and alternatively, that any interest awarded be calculated at the statutory rate rather than at a rate of ten percent.

## II.  LEGAL STANDARDS

"If a judgment requires a party to convey land, to deliver a deed or other document, or to perform any other specific act and the party fails to comply within the time specified, the court may . . . hold the disobedient party in contempt."  Fed. R. Civ. P. 70(a), (e).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n ., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (internal quotation marks and citation omitted).  "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order."  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal quotation marks and citation omitted).  However, contempt sanctions are not warranted where the alleged contemnor's actions appear to be based upon a reasonable interpretation of the court's order.  *Id*.  Substantial compliance also is a defense to civil contempt – "[i]f a violating party has taken all reasonable steps to comply with the court order, technical or inadvertent violations of the

5

order will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (internal quotation marks and citation omitted). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence." *Dual-Deck*, 10 F.3d at 695 (internal quotation marks and citation omitted). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp.*, 787 F.2d at 1380. "Compensatory awards are limited to actual losses sustained as a result of the contumacy." *Id.* (internal quotation marks and citation omitted).

### III. DISCUSSION

Defendants now have paid the $12,791.17 deficiency and have granted Plaintiff's claim for LTD benefits under the "any occupation" provision of the Plan. Plaintiff asserts that contempt sanctions nonetheless are warranted because Defendants' compliance with the Court's judgments was untimely. He requests an order requiring Defendants to pay him back benefits due from July 26, 2007[4] to December 26, 2011 and ten percent interest on that amount (totaling $330,751.68), as well as attorneys' fees and costs incurred as a result of Defendants' contemptuous behavior.

#### A. Failure to Pay $12,791.17

On September 22, 2011, the Court issued an amended judgment in the amount of $151,195.93. ECF No. 70. On October 20, 2011, the Court issued a second amended judgment in the amount of $163,987.10, representing the amount of the earlier judgment plus additional interest in the amount of $12,791.17. ECF No. 73. On November 1, 2011, Defendants sent Plaintiff's counsel a check in the amount of the earlier judgment, $151,195.93. Decl. of Erin Cornell,[5] ¶ 5 and Exh. B. On November 23, 2011, Defendants sent Plaintiff's counsel a second check in the amount of $12,791.17. Cornell Decl., ¶ 6 and Exh. C. Defendants offer no explanation as to why

---

[4] The Court's original judgment identified the start date for LTD benefits under the "any occupation" provision as July 5, 2007, and Plaintiff's moving papers utilize that date. Defendants' opposition notes that the correct date is July 26, 2007. ECF No. 78 at p. 2, n. 1. Plaintiff's reply adopts the July 26, 2007 date. ECF No. 80 at p. 4.

[5] Ms. Cornell's declaration is docketed at ECF No. 79.

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

United States District Court
For the Northern District of California

1  they did not make the first check out for the full amount owed.  However, Plaintiff has not

2  demonstrated that he suffered any harm as a result of waiting an additional three weeks for the

3  $12,791.17.  Accordingly, the Court concludes that the delay in paying the $12,791.17 does not

4  warrant imposition of contempt sanctions.

5  **B.  Failure to Process Claim under "Any Occupation" Provision**

6          A more difficult question is presented by Defendants' delay in resolving Plaintiff's claim

7  for benefits under the Plan's "any occupation" provision.  The Court's judgment filed October 29,

8  2010 provided that "Plaintiff's claim for LTD benefits from July 5, 2007 onward under the *any*

9  *occupation*  provision of the LTD Plan is remanded by the Court to the Defendants for

10  administrative processing pursuant to the terms of the LTD Plan."  ECF No. 49.  The Plan provides

11  as follows:

12          After you submit a claim for disability benefits to MetLife, MetLife will review
           your claim and notify you of its decision to approve or deny your claim.

14          *Such notification will be provided to you within a reasonable period, not to exceed*
           *45 days from the date you submitted your claim*; except for situations requiring an
15          extension of time because of matters beyond the control of the Plan, in which case
           MetLife may have up to two (2) additional extensions of 30 days each to provide
16          you such notification.  *If MetLife needs an extension, it will notify you prior to the*
           *expiration of the initial 45 day period* (or prior to the expiration of the first 30 day
17          extension period if a second 30 day extension period is needed), state the reason
           why the extension is needed, and state when it will make its determination.  If an
18          extension is needed because you did not provide sufficient information or filed an
           incomplete claim, the time from the date of MetLife's notice requesting further
19          information and extension until MetLife receives the requested information does not
           count toward the time period MetLife is allowed to notify you as to its claim
20          decision.  You will have 45 days to provide the requested information from the date
           you receive the extension notice requesting further information from MetLife.

23  Decl. of Alan Olson,[6] ¶ 10 and Exh. D (emphasis added).[7]

_____

[6] Mr. Olson's declaration is docketed at ECF No. 76.

[7] The Plan language reflects ERISA requirements that claims for disability benefits be determined
within forty-five days, that the initial forty-five day period may be extended for up to sixty
additional days, and that notice of such extension must be given within the initial forty-five day
period.  *See* 29 C.F.R. § 2560.503-1(i).

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

United States District Court
For the Northern District of California

1     In order to determine whether MetLife complied with these requirements, the Court must

2  determine when the forty-five day review period began to run.  In *Lavino v. Metropolitan Life Ins.*

3  *Co.*, 779 F. Supp. 2d 1095 (C.D. Cal. 2011), the court addressed a MetLife plan containing the

4  identical forty-five day language that is at issue here.  *See id.* at 1101.  As here, the district court

5  adjudicated the plaintiff's claim for benefits under the plan's "own occupation" provision and

6  remanded the plaintiff's claim for benefits under the plan's "any occupation" provision.  *Id*.  The

7  court determined that there was an adequate basis in the record to conclude that the forty-five day

8  period was triggered by the remand, observing that "[a]t that time, MetLife was already in

9  possession of Lavino's medical records . . . and thus was amply situated to assess her eligibility for

10  additional benefits."  *Id*.  The Court noted that "even assuming that MetLife was entitled to

11  Lavino's updated medical records before rendering a decision," the forty-five day period began to

12  run at the latest on the date that such records were provided.  *Id*.

13     This case is factually distinguishable from *Lavino* in that MetLife did not have all of

14  Castell's relevant medical records at the time the Court remanded the "any occupation" claim for

15  administrative processing.  Defendants' counsel, Erin Cornell, submits a declaration stating that on

16  April 19, 2011, she called Plaintiff's counsel, Alan Olson, to inquire whether he would be

17  submitting any records in support of the "any occupation" review.  Cornell Decl, ¶ 2.  According to

18  Ms. Cornell, Mr. Olson stated that he would be submitting medical records and he requested the

19  name and address of the person to whom such records should be sent.  Cornell Decl., ¶ 3.  Ms.

20  Cornell states that on the same date she sent Mr. Olson an email containing the appropriate name

21  and address.  Cornell Decl., ¶ 4 and Exh. A.

22     Plaintiff's reply brief asserts that Mr. Olson did not tell Ms. Cornell that he would be

23  submitting documents.  ECF No. 80 at p. 2.  However, when questioned by the Court at the

24  hearing, Mr. Olson conceded that in April 2011 Plaintiff was working with MetLife in connection

25  with the review process and that he (Mr. Olson) may have told Ms. Cornell that Plaintiff would be

26  providing further medical records.  It is undisputed that Plaintiff's updated medical records were

27  not provided to MetLife until Mr. Olson transmitted them on September 30, 2011 in connection

28  with a letter demanding that MetLife process Plaintiff's "any occupation" claim immediately.  *See*

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

Olson Decl., ¶ 3 and Exh. A.  Under these circumstances,  it appears that September 30, 2011 may be the most appropriate start date for the Plan's forty-five day review period.  Both sides agree that September 30 is the date that the review period commenced.[8]  MetLife thus had forty-five days after the September 30 submission of Plaintiff's medical records to process Plaintiff's "any occupation" claim.  That forty-five day period expired on November 14, 2011 without action by MetLife.

MetLife offers no explanation why it failed to process Plaintiff's claim within forty-five days as mandated under its own Plan.  MetLife's conduct is particularly troubling given that Mr. Olson sent MetLife a letter on September 30, 2011, demanding that Plaintiff's "any occupation" claim be processed, and sent MetLife's counsel a follow-up email on October 24, 2011, stating that Plaintiff would be forced to file a motion if MetLife did not act.  *See* Olson Decl. ¶¶ 3, 5 and Exhs. A, B.  MetLife failed to respond to either communication.  *Id*. ¶¶ 4, 6.  It was not until after Plaintiff filed the present motion on November 15, 2011 – the day after the forty-five day review period expired – that MetLife began complying with the Court's judgments.  MetLife paid the $12,791.17 deficiency on November 23, 2011, and it granted Plaintiff's claim for "any occupation" benefits on November 29, 2011, the date its opposition to the present motion was due.  In the Court's view, it is unlikely that this confluence of dates was a coincidence.  Rather, the reasonable inference to be drawn is that MetLife acted only *because* Plaintiff filed the present motion.[9]

---

[8] Defendants do not concede that MetLife was subject to a forty-five day review period, asserting that "Plaintiff has not cited any binding California authority which provides that the time frames set forth in the ERISA Regulations apply to court-ordered remands."  ECF No. 78 at p. 4.  This assertion misses the mark for a number of reasons, most obviously because state law is inapplicable here and because the Court expressly remanded the "any occupation" claim "for administrative processing pursuant to *the terms of the LTD Plan*."  ECF No. 49 (emphasis added).  As is discussed above, the terms of the LTD Plan required MetLife to process Plaintiff's claim within forty-five days.  Defendants agree that if a forty-five day review period applies, the trigger date was September 30, 2011.  ECF No. 78 at pp. 3-4.  Plaintiff's counsel, Mr. Olson, concurred with this date during oral argument.

[9] At the hearing, the Court questioned Defendants' counsel as to why MetLife failed to respond to Mr. Olson's communications and failed to comply with the Court's judgments until after the present motion was filed.  The Court was unpleasantly surprised when counsel disclaimed any knowledge of Defendants' motivations.  The Court had expected that counsel would have discussed such matters with her clients prior to the hearing, and would have been prepared to answer questions regarding the conduct underlying the motion for contempt sanctions.

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

United States District Court
For the Northern District of California

1       Viewing this record as a whole, the Court concludes that MetLife failed to take all

2  reasonable steps to comply with the remand of Plaintiff's "any occupation" claim.  The Court thus

3  must decide on an appropriate sanction.  As is noted above, "[c]ompensatory awards are limited to

4  actual losses sustained as a result of the contumacy."  *Gen. Signal Corp.*, 787 F.2d at 1380 (internal

5  quotation marks and citation omitted).  Defendants argue that Plaintiff cannot demonstrate injury

6  arising from the fifteen day delay between the end of the forty-five day review period and the

7  determination granting Plaintiff's claim for "any occupation" benefits.  However, Plaintiff did

8  suffer injury in that he was forced to file the present motion in order to compel Defendants to act.

9  Accordingly, the Court will award sanctions in the amount of reasonable attorneys' fees and costs

10  that Plaintiff expended to litigate this motion.

11       Plaintiff also requests an order requiring Defendants to pay him back benefits due from July

12  26, 2007 to December 26, 2011 and ten percent interest on that amount (totaling $330,751.68).

13  Because Defendants have determined that Plaintiff is entitled to LTD benefits from July 26, 2007

14  onward, an order requiring Defendants to pay such benefits is unnecessary.  Defendants' counsel

15  represented at the hearing that a check had been issued for Plaintiff's back benefits; the Court

16  presumes that such check has been delivered to Plaintiff.  With respect to Plaintiff's request for

17  interest, the Court concludes that interest on benefits going back to July 2007 would be

18  inappropriate, since the judgment that is the subject of Plaintiff's motion was not filed until

19  October 2010 and Plaintiff's medical records were not submitted to MetLife until September 2011.

20  While it potentially could order Defendants to pay interest on benefits that accrued during the

21  fifteen days after expiration of the forty-five day period and before a decision was rendered on

22  Plaintiff's "any occupation" claim, the Court declines to do so.  Defendants did violate the Court's

23  judgment by failing to process Plaintiff's claim in a timely fashion; however, Plaintiff and his

24  counsel could have contributed to a quicker resolution of the administrative process by submitting

25  the updated medical records to MetLife much earlier.[10]  Under these circumstances, the Court

---

[10] Given Mr. Olson's representations of Plaintiff's financial need, the Court is perplexed that
Plaintiff waited nearly a year after the Court's October 2010 judgment of remand before providing
the updated medical records to MetLife and formally demanding that MetLife comply with its
obligations.

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

1    concludes that requiring Defendants to pay reasonable attorneys' fees and costs incurred by

2    Plaintiff in litigating this motion constitutes an adequate sanction for Defendants' contempt.

3        **IV.  CONCLUSION**

4            For the reasons stated above, the Court GRANTS IN PART Plaintiff's motion for contempt

5    sanctions.  Within ten days after the date of this order, Plaintiff shall submit a proposed order

6    awarding reasonable attorneys' fees and costs to litigate this motion.  The proposed order shall be

7    supported by an affidavit of counsel and any necessary documents supporting a narrow and

8    reasonable request for attorneys' fees and costs.  Within seven days after Plaintiff's submission,

9    Defendants shall file any objection to Plaintiff's documentation of his attorneys' fees and costs.

10   Thereafter, the matter will be submitted without further oral argument.

11

12   **IT IS SO ORDERED.**

13

14   Dated:  March 22, 2012

15                                              LUCY H. KOH
                                               United States District Judge

Case No.: 09-cv-01593-LHK
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS

United States District Court
For the Northern District of California