IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAYCE CASTELL,<br><br>    Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 09-cv-01593-LHK<br><br>ORDER AWARDING ATTORNEYS' FEES; DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND TERMINATING MOTION FOR RECONSIDERATION |

On March 22, 2012, this Court granted in part Plaintiff's motion for contempt sanctions, concluding that Defendants had violated its October 2010 judgment by failing to process Plaintiff's "any occupation" claim in a timely fashion. ECF No. 84. While it denied Plaintiff's request for interest on benefits accruing from July 2007 through December 2011, the Court awarded reasonable attorneys' fees and costs incurred by Plaintiff in litigating the motion for contempt sanctions. *Id.* at 10-11. The Court directed Plaintiff to submit a proposed order "supported by an affidavit of counsel and any necessary documents supporting a narrow and reasonable request for attorneys' fees and costs." *Id.* at 11.

Plaintiff's counsel has submitted an affidavit representing that he spent 40.25 hours litigating the motion for contempt sanctions, stating that he charges $350 per hour, and seeking an award of

attorneys' fees in the amount of $14,087. Defendants object to the affidavit, asserting *inter alia* that counsel spent an excessive amount of time preparing a five page motion, and that counsel's practice of billing in quarter-hour increments inflated the fee bill. The Court agrees with Defendants that the time spent on preparing the motion is excessive. The motion was not complicated. Almost one entire page of the five-page brief consisted of a block quotation from the Plan. After reviewing counsel's affidavit in conjunction with the record, the Court concludes that $10,000 is the upper limit of attorneys' fees reasonably expended in litigating the motion for contempt sanctions. Accordingly, the Court will award attorneys' fees in the amount of $10,000.

Plaintiff has filed a motion for reconsideration of the Court's denial of interest as a component of the contempt sanction, as well as a belated motion for leave to file a motion for reconsideration.[1] Plaintiff's motion for leave does not satisfy the requirements set forth in the Court's Civil Local Rules. He has not demonstrated the existence of a material difference in fact or law, the emergence of new facts or law, or a manifest failure by the Court to consider material facts or law that were presented in connection with his motion for contempt sanctions. *See* Civ. L.R. 7-9(b). Plaintiff seeks interest on "own occupation" benefits that accrued between 2007 and 2011. As explained in the Court's order, Defendants' failure to pay benefits accruing *before* issuance of the October 2010 judgment did not constitute contempt of that judgment. *See* ECF No. 84 at 10. Moreover, Defendants' obligation to begin reviewing Plaintiff's "any occupation" claim pursuant to the remand did not arise until Plaintiff submitted his medical records on September 30, 2011. *Id.* Given that Defendants' contumacy did not occur until late 2011, an award of interest on benefits running from 2007 is unwarranted.[2] *Id.*

In light of its disposition of Plaintiff's motion for leave to file a motion for reconsideration, the Court will terminate Plaintiff's unauthorized motion for reconsideration.

---

[1] Although the Civil Local Rules require a party to seek leave of court before filing a motion for reconsideration, *see* Civ. L. R. 7-9(a), Plaintiff filed a substantive motion for reconsideration and then belatedly sought leave of court after Defendants pointed out the procedural deficiency.

[2] Plaintiff cites a number of cases addressing the propriety of awarding interest as part of a civil judgment. None of the cases arose in the context of a motion for contempt sanctions, and none of them informs this Court's analysis with respect to the appropriate sanction for Defendants' violation of its October 2010 judgment.

2

Case No. 09-cv-01593-LHK
ORDER AWARDING ATTORNEYS' FEES ETC.

**ORDER**

(1) Plaintiff is awarded attorneys' fees and costs in the amount of $10,000, to be paid by Defendants within ten days after the filing of this Order;

(2) Plaintiff's motion for leave to file a motion for reconsideration is DENIED; and

(3) Plaintiff's motion for reconsideration is TERMINATED.

Dated: August 8, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3

Case No. 09-cv-01593-LHK
ORDER AWARDING ATTORNEYS' FEES ETC.